RB:AMC
F.#2009R1891

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No. _____<br>(T. 21, U.S.C., §§ |
| JOHN MIGNANO,<br>TINA RINTRONA and<br>MARIA MARESCA, | 841(b)(1)(A)(ii)(II),<br>841(b)(1)(B)(vii), 846,<br>853(a) and 853(p);<br>T. 18, U.S.C., §§ 3551 et |
| Defendants. | seq.) |

- - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Distribute Cocaine)

1. On or about and between March 1, 2008 and July 27, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN MIGNANO, TINA RINTRONA and MARIA MARESCA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Conspiracy to Distribute Marijuana)

2.  On or about and between March 1, 2008 and July 27, 2009, both dates being approximate and inclusive, within the Eastern District of New York, the defendants JOHN MIGNANO, TINA RINTRONA and MARIA MARESCA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(vii); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

3.  The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to a 2008 Chevrolet

3

Denali, which was seized on July 7, 2009 in Ellsworth County, Kansas.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

# INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. John Mignano, Tina Rintrona and Maria Maresca**
2. Related Magistrate Docket Number(s):

   None (X)

3. Arrest Date:
4. Nature of offense(s):   ☒   Felony
   ☐   Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): _____

6. Projected Length of Trial:   Less than 6 weeks   (X)
   More than 6 weeks   ( )

7. County in which crime was allegedly committed: <u>Kings</u>
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   (X) Yes   ( ) No

9. Have arrest warrants been ordered?   (X) Yes   ( ) No

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: *[signature]*

Anthony M. Capozzolo
Assistant United States Attorney
718-254-6454

Rev. 3/22/01