

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RB:AMC
F.#2009R1891

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

May 20, 2012

By ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. John Mignano
           Criminal Docket No. 10-667 (BMC)

Dear Judge Cogan:

     The government respectfully submits this letter in response to the defendant's sentencing memorandum dated May 10, 2012, seeking (i) a sentence below the applicable United States Sentencing Guidelines ("U.S.S.G.") range; and (ii) a two-point safety-valve reduction.  By way of background, on January 27, 2012, the defendant pled guilty to a lesser-included offense of Count One of the above-captioned indictment, charging that the defendant conspired to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

     For the reasons set forth below, the government concurs that the defendant qualifies for the safety-valve, and while his personal circumstances do not warrant a departure from the advisory Guideline range, they may be considered under the factors set forth in Title 18, United States Code Section 3553(a).  Sentencing is currently scheduled for May 25, 2012.

     In the Presentence Investigation Report ("PSR"), the Probation Department estimates that the defendant's total offense level is 23 under the Sentencing Guidelines and that the applicable range of imprisonment is 46 to 57 months.  Because the government is now satisfied that the defendant has provided a full accounting of his involvement in the charged offense, the

government respectfully submits that the defendant has met the requirements of U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2, and therefore should receive a two point safety-valve reduction under U.S.S.G. § 2D1.1(b)(11).  The defendant's total offense level should therefore be level 21 with a Guidelines range of 37 to 46 months.

The defendant's personal and family circumstances, including his history of alcoholism and addiction to drugs, painkillers and gambling, should not affect the defendant's advisory Guidelines range.  While notable, the defendant's personal history and character are not so unusual from the circumstances of other similarly situated defendants that a departure from the recommended Guideline range is warranted.

The government does concede, however, that such circumstances may be considered by the court under Title 18, United States Code Section 3553(a) as part of the "history and characteristics of the defendant."

III. Conclusion

For the foregoing reasons, the Court should grant the defendant's request for a two-level safety valve reduction and deny any adjustment to the defendant's advisory Guidelines range.

> Respectfully Submitted,
>
> LORETTA E. LYNCH
> UNITED STATES ATTORNEY
>
> By:       /s/
> Anthony M. Capozzolo
> Assistant U.S. Attorney
> (718) 254-6454

cc: Frank Handelman, Esq. (via ECF)
    Jill Polish, Department of Probation (via email)